

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-30-2008

# Jones v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4433

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Jones v. Comm Social Security" (2008). *2008 Decisions.* Paper 295.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/295

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4433
_____

CHAWNIE JONES,

Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 06-cv-00790)
District Judge: Honorable Alan N. Bloch
_____

Submitted Under Third Circuit LAR 34.1(a)
October 2, 2008

Before: FISHER, CHAGARES and HARDIMAN , *Circuit Judges*.

(Filed:  October 30, 2008)

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Chawnie Jones appeals an order of the District Court affirming the decision of an Administrative Law Judge (ALJ) denying her application for Disability Insurance Benefits and Supplemental Security Income. We will affirm.

I.

The procedural history of this case is convoluted. Therefore, we will explain the proceedings despite the fact that we write only for the parties in this not precedential opinion.

Jones's first hearing was held before ALJ Elliott Bunce on November 8, 2001. In a decision dated January 23, 2002, ALJ Bunce ruled in favor of Jones and held that she was disabled as of October 4, 2000. This decision was vacated by the Appeals Council on March 22, 2002, however. The Appeals Council held that the ALJ's decision was not supported by substantial evidence because: (1) the ALJ's conclusion that Jones lacked the residual functional capacity (RFC) to perform a full range of sedentary work did not address how Jones's problem with drowsiness causes that limitation; and (2) the ALJ did not explain how Jones's moderate difficulty maintaining concentration, persistence, and pace precluded all work activity.[1]

---

[1] By letter dated July 3, 2002, the Appeals Council revised its determination of March 22, 2002 to correct a typographical error, and granted Jones an additional 30 days to respond.

By order dated September 5, 2002, the Appeals Council remanded the case, ordering the ALJ to: (1) evaluate Jones's subjective complaints; (2) give further consideration to Jones's maximum RFC with specific reference to record evidence; (3) obtain evidence from a medical expert; and (4) obtain testimony from a vocational expert (VE).

Upon remand, ALJ Bunce held a second hearing on February 3, 2003 at which Jones and a medical expert testified. This time, by decision dated March 26, 2003, ALJ Bunce ruled against Jones. After making an adverse credibility determination regarding Jones's claimed limitations, the ALJ held that Jones had the RFC to perform a significant range of light work, with certain restrictions.

Once again, the Appeals Council vacated and remanded the case by order dated March 26, 2004. The Appeals Council found that the ALJ's decision neither contained "sufficient rationale with specific reference to evidence in support of the assessed limitations" nor evaluated the evidence from Mitchell S. Felder, M.D. (the examining source), which was inconsistent with Jones's RFC. The Appeals Council also faulted the decision for not including an adequate evaluation of Jones's subjective complaints consistent with 20 C.F.R. §§ 404.1529 and 416.929 and Social Security Ruling 96-7p. Because the case had been heard twice already by ALJ Bunce, the Appeals Council assigned a new ALJ to hear the case on remand.

After the second remand order, the case was assigned to ALJ William Kenworthy, who held a hearing on September 9, 2004, at which Jones and a VE testified. By decision dated October 15, 2004, ALJ Kenworthy found that Jones was not disabled because she retained the RFC to perform a significant range of light work, with certain restrictions. Like ALJ Bunce in the second hearing, ALJ Kenworthy found that Jones's allegations regarding her limitations were not entirely credible. As part of his decision, ALJ Kenworthy noted that Jones's representative had requested time to submit a statement from Jones's treating physician, Dr. Laton, but failed to do so. Because such information had in fact been submitted by express mail, however, ALJ Kenworthy issued an amended decision on March 17, 2005. After considering the information submitted by Jones's representative after the third hearing, ALJ Kenworthy reaffirmed his prior decision, finding that Dr. Laton's opinion suffered from two deficiencies: (1) it was essentially an opinion that Jones cannot work, which is a decision reserved to the Commissioner under 20 C.F.R. § 404.1527(e); and (2) it was inconsistent with the medical record.

Jones again requested review by the Appeals Council. This time, on April 14, 2006, the Appeals Council issued a notice denying the request for review.

Having exhausted her administrative remedies, Jones filed a civil action in the District Court, which granted the Commissioner's motion for summary judgment on September 25, 2007. Jones filed a timely appeal and we have jurisdiction pursuant to 28 U.S.C. § 1291.

4

Jones raises various arguments on appeal. She focuses primarily on the handling of the testimony of Dr. Daniel Nackley, who testified at the second administrative hearing that Jones met Listing 11.03 (Epilepsy). Jones claims that the ALJ's rejection of Dr. Nackley's opinion is not supported by substantial evidence. In addition, Jones claims that ALJ Kenworthy erred in relying upon Dr. Nackley's testimony at the second hearing without ensuring that he reviewed 120 pages of records that were submitted thereafter. Finally, Jones argues that ALJ Kenworthy's decision misrepresents Dr. Nackley's testimony because he never retracted his opinion that Jones met Listing 11.03. For the reasons that follow, we find these arguments unpersuasive.

A.

Dr. Nackley testified at the second administrative hearing held by ALJ Bunce. In her brief, Jones aptly notes that Dr. Nackley's testimony was "somewhat confusing." Indeed, when ALJ Bunce asked Dr. Nackley whether Jones met a Listing, he responded: "[h]er condition does not meet or equal the text of the impairments listed in the Commissioner's listing." (R. 607). After the ALJ's next question, Dr. Nackley responded that Jones has a diagnosis of narcolepsy and "I think her condition meets an equivalency of one of the listings." *Id.* When ALJ Bunce asked which Listing, Dr. Nackley responded "11.03, which is the listing for epilepsy." *Id.* at 608. When asked for support in the record for this opinion, Dr. Nackley referenced tests from April, May, and

5

September of 1999, all of which predated Jones's alleged onset date as she was working regularly during those months. *Id.* at 609-10. Dr. Nackley then noted that "there is some divergence in some of the medical exhibits" and observed that Jones had been working, did not request adjustments in her schedule, and sustained employment. *Id.* at 610-611. Dr. Nackley concluded by stating that Jones's condition required further evaluation and that she should be seen by a neurologist. *Id.* at 612.

In light of the foregoing, at step three of the five-step evaluation process, ALJ Bunce rejected Dr. Nackley's conclusion that Jones met Listing 11.03 as unsupported by the record. *Id.* at 361. We have carefully reviewed ALJ Bunce's conclusions and find them supported in the record for the reasons mentioned in his decision at pages 361-62.

### B.

Jones also claims procedural error, asserting that ALJ Kenworthy violated the Hearings and Appeals Law Manual (HALLEX) I-2-539(A), which requires medical examiners to address all medical evidence of record. Here, Dr. Nackley did consider all medical evidence of record as of the second hearing. Thus, the question becomes whether ALJ Kenworthy erred by reviewing and considering Dr. Nackley's testimony at the second hearing without recalling him to evaluate the 120 pages of medical records Jones submitted thereafter. Jones has not cited, and cannot cite, anything in that submission to change the fact that Dr. Nackley reversed course after he learned that the 1999 records upon which he relied predated Jones's onset date and were created while she was

6

gainfully employed. In light of this fact, ALJ Kenworthy was under no duty to recall Dr. Nackley and Jones's request for remand must fail. *See Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005).

C.

Jones also claims that ALJ Kenworthy erred by relying upon Dr. Nackley's testimony at the second hearing without explaining the nature of his review. We disagree because we take the ALJ at his word when he wrote that he reviewed Dr. Nackley's testimony and concurred in "the reasons expressed by Judge Bunce for rejecting that opinion in view of the equivocation by Dr. Nackley concerning the copious consumption of caffeinated beverages and the absence of an adequate program of sleep hygiene." (R. 31). For the same reasons expressed relative to ALJ Bunce's decision, the record contains substantial evidence to support ALJ Kenworthy's conclusion.

III.

We conclude by addressing two points. First, contrary to a concern expressed by Jones in her brief, the Commissioner has conceded that her date last insured for purposes of DIB is December 31, 2005, not December 31, 2004. (R. 402-03). Second, we would be remiss if we did not acknowledge the frustration and disappointment that Jones undoubtedly experienced in light of the convoluted procedural history of the case. But our task on appeal is to consider whether the agency's decision is supported by substantial evidence. For the reasons stated herein, we find no error and will affirm.